UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SYL WORHACZ FORD, INC.,**

        **Plaintiff,**        **CASE NUMBER: 06-50546**
                                  **HONORABLE VICTORIA A. ROBERTS**

v.

**FORD DEALER COMPUTER SERVICES,
INC. n/k/a DEALER COMPUTER SERVICES, INC.,**

        **Defendants.**

_____/

## ORDER DENYING MOTION FOR RECONSIDERATION

**I.    INTRODUCTION**

This matter is before the Court on Plaintiff's Motion for Reconsideration of the Court's April 25, 2007 Order confirming an arbitration award. Plaintiff argues that there exists four palpable defects, which if corrected would result in a different disposition of the case. Plaintiff's motion is **DENIED**.

**II.    BACKGROUND**

In 1995, Ford Computer Services, Inc ("Defendant") agreed to provide Sly Worchacz Ford ("Plaintiff") with a computerized parts catalog system ("computer services"). In 1999, the parties renewed the agreement until 2009. In 2003, Defendant sued Plaintiff for breach of contract alleging Plaintiff failed to pay for the computer services. The parties submitted their claims to binding arbitration. The arbitrator found for Defendant and awarded damages in the amount of the total contract revenue, which

1

included costs through 2009. In 2005, Plaintiff discovered that Defendant, who sublicensed the software from Ford Motor Company ("Ford"), sought a preliminary injunction to enjoin Ford from terminating the licensing agreement. A Federal District Court in Texas ruled in favor of Ford and the Fifth Circuit Court of Appeals subsequently affirmed. As a result, Defendant was unable to provide computer services to Plaintiff.

Plaintiff filed suit seeking to vacate the arbitration award based on new evidence and fraud. The Court affirmed the award on the grounds that Plaintiff's new evidence claim was not cognizable and Plaintiff failed to demonstrate the award was procured by fraud. Plaintiff asks the Court to reconsider this ruling.

### III.  ANALYSIS

Eastern District of Michigan Local Rule 7.1(g) provides for reconsideration if the movant demonstrates a palpable defect by which the court and the parties have been misled, and further demonstrates that correcting the defect will result in a different disposition of the case. "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Fleck v. Titan Tire Corp.*, 177 F.Supp.2d 605, 624 (E.D.Mich. 2001). "[T[he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." L.R. 7.1(g)(3).

Plaintiff says the Court's Order contains four manifest errors that if corrected would result in a different disposition of the case: (1) the Court was under the mistaken belief that the arbitration award was only for amounts owed and not future damages; (2) the Court believed that Defendant was still supplying data to Plaintiff when it was not;

2

(3) the Court erred in holding that Plaintiff did not exercise due diligence; and (4) the Court erred in failing to consider that Plaintiff's claim is for fraudulent concealment.

The Court will address each of these issues in reverse order. First, Plaintiff says the Court committed a palpable defect by analyzing its issue under the Michigan common law standard for fraud, rather than fraudulent inducement. But, Plaintiff's motion to vacate the arbitration award specifically argues that the award "was procured by fraud" – not fraudulent concealment. In fact, Plaintiff cites the standard for fraud under Michigan law and federal law as "a knowing or intentional misrepresentation of material fact relied upon by a party to his detriment." This is the same standard the Court relied upon to dismiss Plaintiff's claim.

Now, however, Plaintiff argues that the Court should have recognized its claim really was one for "fraudulent concealment" and applied that standard. In its motion for reconsideration, Plaintiff notes that a claim of fraudulent concealment "is established when there is a suppression of material facts and there is a legal or equitable duty of disclosure." [1] Yet, Plaintiff did not cite this standard or the requisite elements of a fraudulent concealment claim in its seven page motion to vacate the arbitration award. It is not the duty of this Court to make arguments for a party. Nor is a party permitted to raise new legal arguments on a motion for reconsideration that could have been raised

---

[1] In order to establish a claim for fraudulent concealment, a plaintiff must demonstrate that: (1) a material representation was false; (2) known by defendant to be false, or made recklessly without knowledge of its truth or falsity; (3) that defendant intended plaintiff to rely upon the representation; (4) that, in fact, plaintiff acted in reliance upon it to his detriment. *McMullen v. Joldersma*, 174 Mich. App. 207, 213 (1988). The plaintiff must also establish "[s]ome type of representation that was false or misleading was made and that there was a legal or equitable duty of disclosure." *M & D, Inc. v. McConkey*, 231 Mich. App. 22, 31 (1998).

earlier. *Sault Ste. Marie Tribe of Chippewa Indians v. Engler*, 146 F.3d 367, 374 (6th Cir.1998). Given this, the Court finds that it did not err in deciding Plaintiff's claim under the Michigan fraud standard.

Next, Plaintiff points out that the Court misstated facts regarding the disposition of Defendants' Fifth Circuit appeal. This Court stated the appeal was pending. In fact, the Firth Circuit without opinion affirmed the District Court's denial of Defendant's requested preliminary injunction on July 17, 2006. Notably, neither party provided the Court with the opinion.

In its July 10, 2006 Motion to Confirm the Arbitration Award, Defendant stated "In January of 2006, DCS filed suit against Ford asking that Ford be compelled to enter into a new license agreement. DCS' request for preliminary injunction was denied and DCS has appealed that decision to the United States Court of Appeals for the Fifth Circuit. DCS is continuing to try to work out its differences with Ford, both through litigation and otherwise, and it fully expects to obtain a successful resolution of this issue in the near future." On July 20, 2006, Plaintiff filed a reply but did not mention the appeal was decided. Further, Plaintiff did not supplement any of its pleadings prior to the Court's issuance of its Order on March 27, 2007. Instead, Plaintiff attached the Fifth Circuit opinion to its motion for reconsideration.

Similarly, Plaintiff did not inform the Court in its motion to vacate – or prior to the Court's disposition – that Defendant no longer provided computer services. Defendant represented to the Court that it continued to supply Plaintiff with the computer services on an interim basis even without a license agreement. Although Plaintiff stated it was no longer using the data at the time of the arbitration, Plaintiff did not allege that

4

Defendant could not provide the service. Thus, the Court finds its reliance on the parties representations that the Fifth Circuit case remained pending, and that Defendant continued to supply computers services, was not a palpable defect which warrants a different disposition of the case.

Finally, the graveman of Plaintiff's argument to vacate the arbitration award is that Defendant should not benefit from a damage award which includes payments for services no longer provided.

During the arbitration, Defendant submitted a summary of damages requesting $31,649.09, which included fees through 2009. This was the entire contract amount. Defendant claimed this amount because Section 11(b) of the agreement provided that if the dealer is in default of the contract, Defendant may declare all amounts for the remainder of the contract term due and payable immediately. *See* Pl. Ex. G. The arbitrator awarded Defendant the entire contract price pursuant to the acceleration of payment term of the agreement. No opinion was issued explaining the arbitrator's decision.

Although the Court agrees with Plaintiff that Defendant should not contract with dealers for a term longer than its sublicense agreement with Ford, the validity of the agreement was not before the arbitrator or this Court. Further, the circumstances under which a District Court can vacate or modify an arbitration award are limited. *Andersons, Inc. v. Horton Farms, Inc.*, 166 F.3d 308, 325 (6th Cir. 1998)("Courts play only a limited role in reviewing arbitration decisions, and 'are not permitted to consider the merits of an arbitration award even if the parties allege that the award rests on errors of fact or misinterpretations of the contract.' A federal court may set aside an arbitration award

5

under the FAA only upon a finding that certain statutory or judicial grounds are present." )(citations omitted).

The Court may vacate an arbitration award procured by fraud. 9 U.S.C. § 10(a). But, as the Court stated in its April 25, 2007 Order, Plaintiff failed to establish by clear and convincing evidence that Defendant misrepresented the terms of the agreement to the arbitrator. The agreement allowed for recovery of the entire contract regardless of whether the contract ended in 2005, when the sublicense agreement terminated, or 2009. Even if Defendant disclosed that its sublicense agreement could terminate in 2005, the arbitrator could have found that because of Plaintiff's default, Defendant was entitled to the entire contract price under the acceleration term of the agreement.

The Court finds that no palpable defect exists in its Order confirming the arbitration award. Plaintiff's motion is **DENIED**.

**IT IS ORDERED**.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: July 23, 2007

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on July 23, 2007.

s/Linda Vertriest
Deputy Clerk